UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VERA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WARDEN, et al.,<br><br>    Defendants. | Case No. 21-cv-05535-EMC<br><br>**ORDER OF DISMISSAL IN PART AND TRANSFER IN PART** |

## I. INTRODUCTION

William Vera, a prisoner temporarily incarcerated at Salinas Valley State Prison ("SVSP") and formerly and currently incarcerated at Kern Valley State Prison ("KVSP"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. *See* Docket No. 14 ("Complaint"). His Complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

The following allegations have been placed in chronological order.

On an unspecified date and while housed at an unknown prison, Mr. Vera was air-lifted to a hospital in Reno, Nevada, for treatment of gunshot wounds. *See* Compl. at 6. Mr. Vera appears to contend that the treatment was unsatisfactory in an unspecified way. *See id*.

On an unspecified date while housed at KVSP, Mr. Vera was subjected to "tortur[ous]" conditions. *Id*. at 1-2. Specifically, for a period of ten months he was housed in a dimly lit room, with either scarce or dripping water, and denied all human contact. *See id*.

On March 10, 2020, while housed at KVSP, Mr. Vera attempted to seek assistance from Defendant Bowman, a psychologist, for his developmental disabilities. *See id*. at 2. Defendant Bowman "fabricated" a "clinical diagnostics instrument," *id*. at 1, and conduct a "counterfeit

1   evaluation" of Mr. Vera "in absentia," *id*. at 3.  Defendant Bowman's actions resulted in some

2   unspecified failure to treat Mr. Vera.  *See id*.; *see also* Compl., Ex. 2 (referring to a treatment

3   failure, but not clearly identifying this failure).  Defendant Bowman also retaliated against Mr.

4   Vera in some unspecified way.  *See* Compl. at 2.

5       Sometime thereafter, Mr. Vera was transferred from KVSP to SATF.  *See id*. at 4.  Doctors

6   at SATF relied upon Defendant Bowman's statements, and as a result rendered inadequate care to

7   Mr. Vera.  *See id*.

8       Sometime thereafter, Mr. Vera was transferred to SVSP.  *See id*.  At SVSP, three

9   correctional officers made racially biased and xenophobic remarks to Mr. Vera.  *See id*.  These

10  same officers made it difficult for Mr. Vera to access mental health services, because they insisted

11  that he needed an appointment "ducat" before he could access services.  *See id*. at 5.  The mental

12  health office issued "ducats" to Mr. Vera.  *See id*.  The three officers rejected Mr. Vera's attempts

13  to access services when his "ducats" had expired.  *See id*. at 5.  However, at some point Mr. Vera

14  was able to access mental health services.  *See id*.  Mr. Vera does not identify any deficiencies in

15  the care that he received, nor does he allege that he was harmed by any delay in obtaining care.

16  *See id*. at 5-6.

### III.  DISCUSSION

18  Mr. Vera attempts to raise Eighth Amendment medical care claims, and  First Amendment

19  retaliation claims.  For the reasons stated below, Mr. Vera's SVSP-based claims fail, and are

20  dismissed without leave to amend.  Mr. Vera's KVSP- and SATF-based claims are transferred to

21  the United States District Court for the Eastern District of California.

22  A.   Legal Standard

23  A federal court must engage in a preliminary screening of any case in which a prisoner

24  seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28

25  U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any

26  claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

27  seek monetary relief from a defendant who is immune from such relief.  *See id.* at

28  § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police*

United States District Court
Northern District of California

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In screening a prisoner's allegations, a court may consider the "complaint and attachments thereto," and matters subject to judicial notice. *Kiper v. Nev. State Prison Offs.*, 332 F. App'x 436, 437 (9th Cir. 2009) (discussing district court's screening of allegations based on complaint and exhibits), *see also Williams v. Paramo*, 830 F. App'x 981, 982 (9th Cir. 2020) (district court's dismissal at screening, which "took judicial notice of multiple actions" plaintiff had filed on previous occasions, was proper).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Analysis

Mr. Vera sues three SVSP correctional officers for inappropriate comments and for "gameplaying" with mental health care access. *See* Compl. at 4-5. As to the officers' comments, it is well-settled that allegations of verbal harassment and abuse, while unprofessional, fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).[1] *See also Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("The district court was also correct in denying Oltarzewski's claim alleging that Ruggiero violated his civil rights by using vulgar language [because] '[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'") (citation omitted). There is no specific allegation of particularized facts that racially motivated conduct was directed at Mr. Vera.

As to the accusation of "gameplaying," Mr. Vera's own pleading reveals that the officer did nothing more than enforce an appointment requirement. *See* Compl. at 5 (stating that mental

---

[1] *See also Rutledge v. Ariz. Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981) (same), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (prisoner does not have cause of action under § 1983 for being called obscene name by prison employee).

3

health services issued ducats for appointments).  Although Mr. Vera might wish to be able to access mental health services without an appointment, his own allegations reveal that an appointment was required.  *See id.*  He therefore has not identified any unlawful conduct by the officers on which to base a § 1983 claim.  Moreover, it is apparent from the Complaint that Mr. Vera was able to access mental health services, *see id.* at 5-6, and so the officers' conduct did not cause him any harm.  *See* 42 U.S.C. § 1997e(e) (requiring some physical injury before a prisoner may recover damages).  Because Mr. Vera has not identified any conduct on which a § 1983 claim may be predicated, and in any event suffered no harm, the officers are **DISMISSED** from this action.

Mr. Vera sues an SVSP interpreter, Defendant Luna, for inserting his "own sovereign arguments" into Mr. Vera's conversations with mental health professionals.  *See id.* at 5.  The Complaint makes clear that  Mr. Vera was able to communicate with his designated mental health professional.  *See id.* at 6 (relating a conversation between Mr. Vera and his mental health professional).  Mr. Vera therefore has failed to identify any injury wrought by Defendant Luna, and Defendant Luna is **DISMISSED**.

Mr. Vera sues a social worker at SVSP, Defendant Leffler, for telling him he was "ok" although his gunshot wounds were never scanned.  *See id.* at 6.  It is apparent from the Complaint that Defendant Leffler is not responsible for any defective medical treatment related to Mr. Vera's gunshot wounds.  First, the Complaint reveals his wounds were initially treated in Reno, Nevada; Defendant Leffler works in Monterey County, California.  *See id.*  Second, gunshot wounds require medical treatment; Defendant Leffler is a social worker, not a medical doctor.  *See id.* at 5.  Third, to the extent Mr. Vera contends he requires current treatment for his wounds, he should seek such treatment from KVSP, his place of incarceration.  Because Mr. Vera has not identified any wrongful conduct by Defendant Leffler, Defendant Leffler is **DISMISSED**.

Leave to amend will not be given, because amendment would be futile.  Where "[i]t would not be possible" for a plaintiff to state a claim on amendment "without contradicting any of the allegations of his original complaint," courts regularly find that amendment would be futile. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990) (holding that district court did

4

not abuse discretion by denying leave to amend, where complaint could not truthfully be amended to state a claim); *see also Robinson v. WMC Mortg. Corp.*, 649 F. App'x 636, 637 (9th Cir. 2016) (same); *Heisen v. Pac. Coast Bldg. Prod., Inc.*, 26 F.3d 130 (9th Cir. 1994) (unpublished) (same). Here, Mr. Vera's allegations made clear that he was not harmed by any SVSP defendant, and that none of the SVSP defendants wronged him in a way that may form the basis of a § 1983 claim.

Accordingly, Mr. Vera's claims against all SVSP Defendants are **DISMISSED WITHOUT LEAVE TO AMEND**.

### IV. ORDER OF TRANSFER

The above analysis disposes of all claims Mr. Vera filed concerning events at SVSP. Mr. Vera's remaining claims concern events at Kern Valley State Prison ("KVSP") or the Substance Abuse Treatment Facility at Corcoran ("SATF").[2] *See generally*, Compl. Indeed, Mr. Vera alleges that "[t]his complaint arises from" Defendant Bowman's actions, which occurred at KVSP. *See id.* at 2.

Venue is proper where defendants reside, or where the events at issue occurred. *See* 28 U.S.C. § 1391(b). Both KVSP and SATF lie in the Eastern District of California. Venue as to Mr. Vera's remaining claims therefore would be proper in the Eastern District, and not in this one.

Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action is **TRANSFERRED** to the United States District Court for the Eastern District of California.

The Clerk shall transfer this matter.

**IT IS SO ORDERED**.

Dated: July 19, 2022

EDWARD M. CHEN
United States District Judge

---

[2] The Court takes no position on whether Mr. Vera stated cognizable claims against any KVSP- or SATF-based Defendant.

5