UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VERA, aka Memo Vera,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN, et al.,<br><br>　　　　　Defendants. | 1:22-cv-00893-DAD-BAK (SKO) (PC)<br><br>**ORDER RE PLAINTIFF'S LETTER TO THE COURT FILED AUGUST 8, 2022** |

Plaintiff William Vera, *also known as* Memo Vera, is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

Plaintiff initiated this action in the United States District Court for the Northern District of California by filing correspondence with that Court on July 20, 2021. (Doc. 1.) On that same date, the Court directed Plaintiff to "submit a completed complaint … on the proper form … within 28 DAYS…." (Doc. 3.)

On August 20, 2021, Plaintiff filed an application to proceed *in forma pauperis*. (Doc. 8.)

On September 17, 2021, District Judge Edward M. Chen issued an Order Extending Time to File Complaint, granting Plaintiff an extension to and including November 5, 2021, within which to file "a complaint on the appropriate form." (Doc. 11.)  On November 5, 2021, Plaintiff was granted a further extension of time to and including January 4, 2022. (Doc. 13.)

On January 5, 2022, Plaintiff filed his complaint. (Doc. 14.) On January 21, 2022, Plaintiff filed a document titled "Supplemental Evidentiary Documentation in Support of Defendant S.

1

Villegas Claims." (Doc. 15.)

On July 19, 2022, District Judge Chen issued an Order of Dismissal in Part and Transfer in Part. (Doc. 19.) The Court dismissed the claims Plaintiff asserted against three correctional officers employed at Salinas Valley State Prison (SVSP) (*id*. at 3-4), and the claims against SVSP interpreter Luna and SVSP social worker Leffler (*id*. at 4). All claims against SVSP defendants were dismissed without leave to amend (*id*. at 5). The remaining claims concerning events occurring at Kern Valley State Prison (KVSP) or the Substance Abuse Treatment Facility at Corcoran (SATF) were transferred to this Court because venue is proper in the Eastern District of California. (*Id*. at 5.)

Following transfer of the action from the Northern District to the Eastern District of California, on July 26, 2022, this Court issued its Order to Submit Application to Proceed *In Forma Pauperis* or Pay Filing Fee Within 45 Days. (Doc. 24.)

On August 8, 2022, Plaintiff filed correspondence dated August 3, 2022, with this Court. (Doc. 25.) Plaintiff states his legal name is "G. Memo Vera" and that the California Department of Corrections and Rehabilitation (CDCR) "records are wrong." (*Id*.) Plaintiff acknowledges receipt of "an In Forma Pauperis application," but states "it shall be duly noted that one has been filed with the Northern Dist Court" and asks whether an application is "still necessary." (*Id*.) Plaintiff asks the Court to "provide [him] with a copy of the Court Docket." (*Id*.)

**II.   DISCUSSION**

**A.  Plaintiff's Name**

Plaintiff advises his "legal name" is "G. Memo Vera" and that the CDCR "records are wrong." To the extent Plaintiff's correspondence can be understood as a request to change the caption of this action, his request is denied.

Plaintiff has provided this Court with no evidence his legal name is "G. Memo Vera." While a review of the docket when the action was pending before the Northern District and in this District reveals that Plaintiff signs correspondence (*see e.g.*, Doc. 1) and pleadings as "G. Memo Vera" (*see e.g.*, Doc. 8; Doc. 12; Doc. 14; Doc. 18), the documentation that Plaintiff appends as exhibits to these various filings identify him as William Vera (*see e.g.*, Doc. 1 at 6-8 [Letter to

"VERA, WILLIAM (K73387)" from the California Correctional Health Care Services dated 6/7/21]; Doc. 8 at 3-5 [inmate statement report for William Vera]; Doc. 14-2 at 2 [California Correctional Health Care Services form for "VERA, WILLIAM" dated 2/26/21], 11 [same, dated 9/7/21], 17-20 [same, dated 9/17/21], 26 ["ADA/Effective Communication Patient Summary" for "VERA, WILLIAM" dated 4/5/21]).

The Court may take judicial notice of public information stored on the CDCR inmate locator website. *See In re Yahoo Mail Litig.*, 7 F.Supp.3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F.Supp.2d 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

A search conducted via CDCR's inmate locator function using CDCR number K73387 reveals Plaintiff's name as "VERA, WILLIAM."[1] www.inmatelocator.cdcr.ca.gov. The caption presently identifies Plaintiff as "WILLIAM VERA *also known as* Memo Vera," and will remain as such.

### B.  IFP Application Status

Plaintiff advises this Court a previous IFP application had been submitted to the Northern District. That application was filed nearly one year ago and was not ruled upon while the action was pending in the Northern District. The information contained in the application is out of date; for example, the Inmate State Report is dated July 12, 2021.

This Court will not consider whether IFP status is warranted based upon outdated information. Plaintiff shall submit a current IFP application—as previously ordered to do on July 26, 2022. (*See* Doc. 24.)  By no later than September 9, 2022,[2] Plaintiff shall submit a completed IFP application using the form provided to him with this Court's July 26, 2022 Order.

### C.  Copy of Docket Request

Plaintiff has requested "a copy of the Court Docket." Plaintiff is advised that, generally, the Clerk's Office will provide copies for Plaintiff at a cost of $0.50 per page.  Under the

---

[1] No inmate records were identified using the name "G. Memo Vera" or "Memo Vera."
[2] 7/26/22 + 45 days = 9/9/22.

circumstances, the Court will make a one-time exception and will direct the Clerk's Office to provide a copy of docket sheet in this action to Plaintiff, at no charge. Plaintiff is advised that he will need to pay for any further copies and that it is his responsibility to maintain copies of all documents submitted to the Court for filing.

### D. Miscellaneous Advisements

Plaintiff is advised this Court will not address letters or correspondence from Plaintiff in the future. In the event Plaintiff is seeking an action on behalf of the Court, he shall follow the Federal Rules of Civil Procedure and this Court's Local Rules concerning motions and/or requests to the Court and their proper format.

Plaintiff is further advised that this Court will screen his complaint as required by 28 U.S.C. § 1915A(a). As noted in the Relevant Background section, the Northern District did not address or screen the claims asserted against the KVSP or SATF defendants in its Order of Dismissal in Part and Transfer in Part. Those claims must therefore be assessed by this Court to determine whether Plaintiff has stated a cognizable claim against any named KVSP or SATF defendant.

This Court is one of the busiest district courts in the nation. There are hundreds of *pro se* prisoner complaints awaiting screening and delays are inevitable. Plaintiff's complaint will be screened in due course.

### III.  CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to change his name in the caption of this action from "William Vera" to "G. Memo Vera" is **DENIED**;

2. Plaintiff **SHALL** submit a completed IFP application, using the application form previously provided, no later than **September 9, 2022**; and

//

//

//

3. The Clerk of the Court is DIRECTED to send Plaintiff a copy of the docket sheet in this action as a one-time courtesy.

IT IS SO ORDERED.

Dated:  **August 10, 2022**              /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE