UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VERA, aka Memo Vera,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN, et al.,<br><br>    Defendants. | 1:22-cv-00893-ADA-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE** |

Plaintiff William Vera, *also known as* Memo Vera, is a state prisoner proceeding *pro se* and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.      RELEVANT PROCEDURAL BACKGROUND**

Plaintiff initiated this action in the United States District Court for the Northern District of California by filing correspondence with that Court on July 20, 2021. (Doc. 1.) Ultimately, on July 19, 2022, District Judge Chen issued an Order of Dismissal in Part and Transfer in Part. (Doc. 19.) Specifically, that Court dismissed the claims Plaintiff asserted against three correctional officers employed at Salinas Valley State Prison (SVSP) (*id*. at 3-4) and his claims against SVSP interpreter Luna and SVSP social worker Leffler (*id*. at 4); all claims against SVSP defendants were dismissed without leave to amend (*id*. at 5). Additionally, the remaining claims concerning events occurring at Kern Valley State Prison (KVSP) or the Substance Abuse Treatment Facility at Corcoran (SATF) were transferred to this Court because venue is proper in the Eastern District of California. (*Id*. at 5.)

//

On April 26, 2023, the Court issued its First Screening Order. (Doc. 41.) Specifically, the Court found Plaintiff had failed to state a claim upon which relief could be granted. (*Id*. at 4-10.) The Court further found that Plaintiff's complaint, and the relevant two claims asserted therein, violated Rules 18 and 20 of the Federal Rules of Civil Procedure. (*Id.* at 10-11.) Plaintiff was granted leave to amend his complaint to cure the deficiencies identified by the screening order, or to file a notice of voluntary dismissal. (*Id*. at 12.) Plaintiff was afforded 21 days within which to file a first amended complaint or a notice of voluntary dismissal. (*Id*.)

On May 16, 2023, Plaintiff moved for a 60-day extension of time within which to file an amended complaint. (Doc. 42.) On May 17, 2023, this Court issued its Order Granting in Part and Denying in Part Plaintiff's Motion for an Extension of Time. (Doc. 43.) Relevant here, the Court ordered Plaintiff to file an amended complaint within 30 days of the date of service of the order. (*Id*. at 3.) More than 30 days have passed, and Plaintiff has failed to file an amended complaint or otherwise contact the Court.

**II.     DISCUSSION**

      **A.  Legal Standard**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

Here, Plaintiff has failed to file an amended complaint as directed. Originally, with the issuance of its First Screening Order on April 26, 2023, finding the complaint failed to state a claim upon which relief could be granted, Plaintiff was ordered to file a first amended complaint or a notice of voluntary dismissal within 21 days. (Doc. 41.)  On May 17, 2023, following his request for an extension of time, Plaintiff was ordered to "file an amended complaint **within 30 days** of the date of service of this order." (Doc. 43 at 3, emphasis in original.) To date, Plaintiff has failed to file an amended complaint. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors— the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court's First Screening Order issued April 26, 2023. (Doc. 41.) The Court determined Plaintiff had failed to state any claim upon which relief could be granted. (*Id.* at 6-10, 12.) Plaintiff was ordered to file a first amended complaint, curing the deficiencies identified in the Order, within 21 days. (*Id.* at 12.) Alternatively, Plaintiff could file a notice of voluntary dismissal. (*Id.*) Because Plaintiff has failed to file a first amended complaint, despite being granted a 30-day extension of time within which to do so on May 17, 2023 (*see* Doc. 43), Plaintiff's inaction amounts to an unreasonable delay in prosecuting this case resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward

disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to file an amended complaint, Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's April 26, 2023 First Screening Order expressly warned Plaintiff as follows: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute.**" (Doc. 41 at 1.) And subsequently, in its May 17, 2023 order allowing for a 30-day extension of time, Plaintiff was advised: "**Plaintiff is cautioned that a failure to comply with this order will result in a recommendation that this action be dismissed for a failure to obey court orders and failure to prosecute**." (Doc. 43 at 3.) Finally, the Court notes Plaintiff was previously warned of the potential for dismissal for a failure to obey court orders in this Court's First Informational Order In Prisoner/Civil Detainee Civil Rights Case issued July 20, 2022. (*See* Doc. 23 at 1.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

### III.   CONCLUSION AND RECOMMENDATIONS

For the reasons given above, the undersigned **RECOMMENDS** that this action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time

1  may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 29, 2023**                                      _____
                                                              UNITED STATES MAGISTRATE JUDGE