UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VERA, aka Memo Vera,<br><br>  Plaintiff,<br><br>  v.<br><br>WARDEN, et al.,<br><br>  Defendants. | 1:22-cv-00893-ADA-CDB (PC)<br><br>**ORDER REGARDING PLAINTIFF'S FILINGS OF JULY 13, 2023, AND JULY 17, 2023**<br><br>(Docs. 45, 46) |

Plaintiff William Vera, *also known as* Memo Vera, is a state prisoner proceeding *pro se* and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.   RELEVANT BACKGROUND**

This Court issued its First Screening Order on April 26, 2023, finding Plaintiff had failed to state any cognizable claim for relief. (Doc. 41.) Plaintiff was ordered to file a first amended complaint, or a notice of voluntary dismissal, within 21 days of the date of service of the order. (*Id*. at 12-13.) Thereafter, Plaintiff sought a 60-day extension of time. (Doc. 42.)

On May 17, 2023, the Court issued its Order Granting In Part And Denying In Part Plaintiff's Motion For An Extension Of Time. (Doc. 43.) Specifically, Plaintiff was ordered to "file an amended complaint **within 30 days** of the date of service" of the order. (*Id.* at 3, emphasis in original.)

When more than 30 days passed and Plaintiff had failed to file a first amended complaint, on June 30, 2023, the Court issued its Findings And Recommendations To Dismiss This Action For Plaintiff's Failure To Obey Court Orders And Failure To Prosecute. (Doc. 44.) The

1

undersigned recommended dismissal without prejudice because Plaintiff failed to file a first amended complaint within 30 days as ordered. (*Id.* at 3-4.) Plaintiff was advised any objections were to be filed within 14 days of service of the Findings and Recommendations. (*Id*. at 4-5.)

On July 13, 2023, Plaintiff filed a document titled "Motion to Amend the Findings F.R.C.P 52 60(b)." (Doc. 45, captioned on docket as "Motion for Extension of Time".)  On July 17, 2023, Plaintiff filed a substantially similar document titled (Motion to Amend the Findings F.R.C.P. 52." (Doc. 46.)

## II.     DISCUSSION

Both of Plaintiff's filings ask the Court "to amend the Findings based upon an error of fact existed before the judgment was rendered." (Doc. 45 at 1; Doc. 46 at 1.) Plaintiff states he "filed an extension of time" either on June 13, 2023 (Doc. 45 at 1) or on June 14, 2023 (Doc. 46 at 1), citing *Houston v. Lack*, 487 U.S. 266 and "F.R.C.P. 6." (*Id.*) Next, Plaintiff requests, "In the alternative grant 60 days based upon the same grounds set forth in the extension of time to respond to the Findings District Court erred in denying an end of Justice Continuance. *U.S. v. Olson 21 F.4th 1036 U.S. App. Lexis 513 U.S. v. Flynt 766 Fed. 1362*." (*Id.*)

First, no judgment has been rendered or entered in this action. Therefore, Rule 52 of the Federal Rules of Civil Procedure does not apply. Second, the Court will not "amend" its Findings and Recommendation because Plaintiff's conclusory assertion of an unspecified "error of fact" does not give rise to any basis for reconsideration.

Plaintiff appears to have neglected this Court's May 17, 2023 order. Plaintiff was *not* granted the 60-day extension of time sought. As explained in that order, Plaintiff did not show good cause for a 60-day extension of time. As a result, Plaintiff's request was *granted in part and denied in part*. Plaintiff was granted a **30-day** extension of time, not a 60-day extension of time. (*See* Doc. 43.) Therefore, Plaintiff was ordered to file his first amended complaint no later than June 16, 2023, plus time for mailing (5/17/23 + 30 days = 6/16/23).

When more than 30 days and time for mailing passed – 44 days (6/30/23 – 5/17/23 = 44 days) – the undersigned issued Findings and Recommendations to dismiss this action, without prejudice, for Plaintiff's failure to obey court orders and failure to prosecute. (Doc. 44.)

To the extent Plaintiff seeks an additional 60-day extension of time – whether to file an amended complaint or to respond to the Court's findings – his motion will be denied. Like his first request, Plaintiff has not established good cause.

Plaintiff will be afforded *one final opportunity to obey the Court's orders*. Plaintiff has now had more than 80 days within which to file a first amended complaint. He will be granted a **final** extension of time of 14 days within which to file the amended complaint. If Plaintiff files his first amended complaint within 14 days of the date of service of this order, the Court will vacate its Findings and Recommendations of June 30, 2023, and Plaintiff's first amended complaint will be screened in due course. If Plaintiff fails to file his first amended complaint within 21 days of the date of service of this order, the Findings and Recommendations to dismiss this action without prejudice will remain as previously issued, Plaintiff's instant filing will be construed as objections, and the undersigned's Findings and Recommendations, along with Plaintiff's objections, will then be considered by the assigned district judge in due course.

### III.     CONCLUSION AND ORDER

For the reasons set forth above, the Court **ORDERS** as follows:

1. Plaintiff's filings of July 13, 2023 and July 17, 2023 (Docs. 45, 45) are **GRANTED in PART** and **DENIED in PART**; and

2. Plaintiff **SHALL** file a first amended complaint **within 14 days** of the date of service of this order. No further extension of time will be granted.

**Plaintiff is cautioned that a failure to file a first amended complaint, in compliance with this order, will result in the previously issued Findings and Recommendations to dismiss this action being considered by the assigned district judge**.

IT IS SO ORDERED.

Dated:   **July 19, 2023**                                     _____
                                                                                  UNITED STATES MAGISTRATE JUDGE

3