UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VERA, aka Memo Vera,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WARDEN, et al.,<br><br>　　　　　Defendants. | 1:22-cv-00893-KES-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>(Docs. 52 & 53)<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff William Vera, *also known as* Memo Vera, is a state prisoner proceeding pro se and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.   BACKGROUND**

Plaintiff initiated this action in the United States District Court for the Northern District of California by filing correspondence with that Court on July 20, 2021. (Doc. 1.) Extended procedural matters followed before Plaintiff filed a complaint with that Court on January 5, 2022. (Doc. 14.)

On July 19, 2022, District Judge Edward M. Chen issued an Order of Dismissal in Part and Transfer in Part. (Doc. 19.) Specifically, that Court dismissed the claims Plaintiff asserted against three correctional officers employed at Salinas Valley State Prison (SVSP) (*id*. at 3-4) and his claims against SVSP interpreter Luna and SVSP social worker Leffler (*id*. at 4). All claims against SVSP defendants were dismissed without leave to amend (*id*. at 5). Additionally, the remaining claims concerning events occurring at Kern Valley State Prison (KVSP) or the

Substance Abuse Treatment Facility at Corcoran (SATF) were transferred to this Court because venue is proper in the Eastern District of California. (*Id.* at 5.)

On August 5, 2022, Plaintiff requested a 60-day extension of time within which to file a "Motion to Amend the findings," referring to the Northern District's order dismissing in part and transferring in part. (Doc. 29.) Plaintiff stated there was "no functional library or legal materials available" at Kern Valley State Prison (KVSP) and indicated an intent to file "Rule 52 motion." (*Id.*)

On August 15, 2022, this Court issued its Order Denying Plaintiff's Motion for Extension of Time as Moot, advising Plaintiff that Rule 52 was not applicable in the action following the Northern District's order. (Doc. 30.)

On September 12, 2022, Plaintiff filed a Notice of Appeal in the Ninth Circuit Court of Appeals. (Doc. 34.) He sought review of the Court's August 15, 2022, order denying his request for a 60-day extension of time to address the Northern District's partial dismissal and transfer order. (*Id.*)

On September 22, 2022, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal for a lack of jurisdiction. (Doc. 37.) On October 14, 2022, the Court of Appeals issued its mandate. (Doc. 39.)

On April 26, 2023, this Court issued its First Screening Order. (Doc. 41.) The Court found Plaintiff's complaint failed to state a claim upon which relief could be granted. (*Id.* at 4-12.) Plaintiff was specifically advised he could not proceed with his claims against "KVSP Defendant Bowman" and "SATF Defendant Villegas" in the same lawsuit. (*Id.* at 10.) He was directed to "choose which claim to pursue in his amended complaint because he cannot pursue both claims in this action …." (*Id.* at 11.) Plaintiff was granted leave to file an amended complaint, or, alternatively, to file a notice of voluntary dismissal. (*Id.* at 12-13.)

Following additional proceedings (*see* Docs. 43, 44. 47), Plaintiff filed a first amended complaint on August 7, 2023 (Doc. 48).

On November 21, 2023, the Court issued its Order Regarding Plaintiff's First Amended Complaint. (Doc. 51.) The Court found the first amended complaint violated Rules 18 and 20 of

the Federal Rules of Civil Procedure and the Court's prior screening order. (*Id*. at 4-8.) Plaintiff was advised he would "be granted ***one final opportunity*** to file an amended complaint curing the deficiencies" identified in that order and the Court's First Screening Order issued April 26, 2023. (*Id*. at 8, emphasis in original.) Plaintiff was directed to file a second amended complaint within 21 days of the date of service of the order. (*Id*. at 9.)

On November 22, 2023, Plaintiff filed a document titled "Complaint for T.R.O and or Preliminary & Permanent Injunction," docketed as a motion for temporary restraining order. (Doc. 52.) One week later, Plaintiff filed a document titled "Request for a Preliminary Injunction F.R.C.P. 65." (Doc. 53.)

Following the granting by this Court of two extensions of time, Plaintiff filed his second amended complaint on March 20, 2024. (Doc. 61.) The Court will screen the second amended complaint, pursuant to 28 U.S.C. § 1915A, in due course.

## II. DISCUSSION

### *Plaintiff's Motions*

Plaintiff alleges that since May 19, 2022, Defendants have wrongfully and unlawfully engaged in an egregious pattern of misconduct in retaliation for his having filed and maintained "this and other Actions before the Court." (Doc. 52 at 1.) He contends the retaliatory overt acts have been recorded by the institution or on body worn cameras. (*Id*.) Plaintiff maintains the Defendants have interfered with his protected rights and interests and demands they "stop their threatened conduct." (*Id*. at 2.) Plaintiff contends Defendants "have refused and still refuse from their threatened conduct." (*Id*.) He asserts they have "[consciously] planned attempt to Entrapment" and have expressed an "implied threat." (*Id*.) Plaintiff contends that unless enjoined and restrained by an order of the Court, Defendants "will cause the great irreparable harm/injure the Fact to cease," for barring access to the court and mail censorship. (*Id*.) He maintains correctional officers have forged a conspiracy with "B.S.O. Officers, Attorneys, [etc.] to impulse forward an illicit proceeding" in violation of his constitutional rights to due process and to seek redress for grievances. (*Id*.) Plaintiff states he is developmentally disabled and has no adequate remedy at law. (*Id*. at 2-3.)

3

Plaintiff asks for "a T.R.O & Preliminary Injunction and Permanent Injunction … restraining the Individuals mentioned herein successors in office, agents, servants, employees, and all persons acting in concert participation, and under them, that effectively, immediately the pending of this order the respondents are restrained from harassing, punishing and retaliation in any way against Plaintiff for filing this complaint." (Doc. 52 at 3.) Plaintiff's motion includes the following exhibits: an undated partial grievance form (*id*. at 7), correspondence from the Kern County Superior Court dated August 16, 2023 (*id*. at 8), a portion of a medical report of injury dated November 22, 2022 (*id*. at 11), copies of correspondence between Plaintiff and the United States Supreme Court (*id*. at 13-14), a copy of the Ninth Circuit Court of Appeals' Order filed January 20, 2023 in case number 22-16382 (*id*. at 15), a copy of Plaintiff's Legal/Confidential Mail Record from KVSP (*id*. at 16-17), Plaintiff's correspondence and request for an extension of time to the Ninth Circuit dated November 2, 2022 (*id*. at 18-20), various decisions and Plaintiff's related appeal concerning log number 000000403316 (*id*. at 22-24), an unidentified document bearing the notation: "Dining Cook Hernandez D-1 Dining" (*id*. at 25), a grievance signed by Plaintiff on December 7, 2022 (*id*. at 27-28), a reasonable accommodation request signed by Plaintiff on October 30, 2022 (*id*. at 29), an unsigned and undated partial document in Plaintiff's handwriting (*id*. at 30), and a copy of a Kings County Superior Court "Notice to Department of Corrections" form concerning its case number DF015853A dated October 24, 2022 (*id*. at 31).

Plaintiff submitted "additional evidence" in support of his request on November 29, 2023. (Doc. 53.) That filing includes the following: a single page photocopy of two envelopes bearing "Return To Sender" notifications from the United States Postal Service (*id.* at 3), an appeal of grievance log number 000000444780 (*id*. at 4-5), a two-page handwritten document in the Spanish language (*id*. at 6-7), a photocopy of an envelope bearing a "Return To Sender" notification from the United States Postal Service (*id*. at 8), a copy of the Office of Grievances Decision dated September 19, 2023, concerning of grievance log number 000000444780 (*id*. at 9-10), a copy of the Office of Grievances Decision dated September 16, 2023 and Plaintiff's related appeal concerning grievance log number 000000438591 (*id*. at 11-14), and a handwritten list of three addresses (*id*. at 15).

4

*Applicable Legal Standards*

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See, e.g.*, *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A), which requires a court to find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter*, 555 U.S. at 20). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)) (citation omitted).

injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

### *Analysis*

First, significantly, this Court lacks personal injunction over the Defendants because no defendant has been served and no defendant has appeared in this action. *Murphy Bros., Inc.,* 526 U.S. at 350; *Zepeda*, 753 F.2d at 727-28.

Second, Plaintiff has not established he is likely to succeed on the merits of his claims. *Glossip*, 576 U.S. at 876. After screening Plaintiff's original complaint, the Court determined Plaintiff failed to state a claim upon which relief can be granted. (*See* Doc. 41 at 8, 10, 12.) And the Court did "not complete screening of the first amended complaint" because Plaintiff "failed to comply with the Court's previous screening order by continuing to assert claims that do not arise out of the same transaction or occurrence or series of transactions and occurrences in violation of Rules 18 and 20 of the Federal Rules of Civil Procedure." (*See* Doc. 51 at 5, 8.) The second amended complaint has not yet been screened; screening will occur in due course. Nevertheless, a brief review of the second amended complaint reveals yet another pleading that is difficult to decipher. Plaintiff appears to assert First Amendment access to courts claims and Fourteenth Amendment equal protection clause violations. Although unclear, Plaintiff may also be asserting Eighth Amendment deliberate indifference to serious medical needs claims and First Amendment retaliation claims. (*See* Doc. 61 at 3-13.) The Court also notes Plaintiff has named additional defendants in the second amended complaint as compared to those individuals named in the first amended complaint. (*Cf.* Doc. 51 at 5 to Doc. 61 at 2-3.) Until the Court has an opportunity to screen Plaintiff's second amended complaint, a likelihood of success on the merits determination cannot be made. Moreover, none of the exhibits attached to Plaintiff's motion serve to assist the Court in making such a determination.

Next, Plaintiff has not established he is likely to suffer irreparable harm in the absence of preliminary relief. *Glossip*, 576 U.S. at 876. As best the Court can determine, the harm Plaintiff asserts concerns Plaintiff's vague and conclusory allegations of a continuing pattern of retaliation for Plaintiff having filed civil rights lawsuits and an "implied threat by BSO Deputy Officer." "A motion for preliminary injunction, including the likelihood of irreparable injury, must be

1    supported by '[e]vidence that goes beyond the unverified allegations of the pleadings.'"
2    *Rodrigues v. Ryan*, No. CV 16-08272-PHX-DGC (ESW), 2017 WL 5068468, at *3 (D. Ariz.
3    Nov. 3, 2017) (citing *Fidelity Nat'l Title Ins. Co. v. Castle*, No. C 11-0896 SI, 2011 WL 5882878,
4    at *3 (N.D. Cal. 2011)). The exhibits attached to Plaintiff's motion do not establish that Plaintiff
5    is likely to suffer irreparable harm. For the most part, those exhibits show Plaintiff has filed
6    several grievances, that those grievances were denied and that Plaintiff appealed the denials, that
7    Plaintiff filed a reasonable accommodation request, that the United States Postal Service has
8    returned mail to Plaintiff for "Insufficient Address" and an inability to forward, that Plaintiff has
9    sought relief in or information from other Courts, that Plaintiff sends and receives a large volume
10   of mail, and that Plaintiff suffered an injury to his knee on November 22, 2022. *See Vera v.*
11   *Pfiffer*, No. 2:19-06846 JAK (ADS), 2020 WL 8455153, at *2 (C.D. Cal. Nov. 30, 2022)
12   ("Plaintiff's vague assertions of 'continuous retaliatory actions' and one occasion of alleged
13   verbal harassment by a correctional officer fall short of providing a 'clear showing' of a risk of
14   immediate, irreparable harm"); *Smith v. Kane*, No. CV-17-02472-PHX-SPL (DMF), 2018 WL
15   111016959, at *3 (D. Ariz. Jan. 2, 2018) ("Plaintiff's vague, conclusory, and speculative
16   allegations of retaliation fail to show that he faces irreparable harm absent the requested relief");
17   *Rodrigues*, 2017 WL 5068468, at *4 ("Plaintiff's allegations of irreparable harm are too vague
18   and unsupported to meet the standards for granting a preliminary injunction"). At most, Plaintiff
19   has shown irreparable harm is possible, rather than likely. *Alliance for the Wild Rockies*, 632 F.3d
20   at 1131.
21        Finally, nothing in Plaintiff's motion can be construed to establish that the balance of
22   equities tips in Plaintiff's favor or that the injunction he seeks is in the public's interest. *Glossip*,
23   576 U.S. at 876.
24        In sum, the Court finds no basis to issue the extraordinary remedy of a temporary or
25   preliminary injunction in this matter. *Winter*, 555 U.S. at 20, 24; *Lopez v. Brewer*, 680 F.3d 1068,
26   1072 (9th Cir. 2012) ("A preliminary injunction is 'an extraordinary and drastic remedy, one that
27   should not be granted unless the movant, by a clear showing, carries the burden of persuasion'").
28   ///

### III.   CONCLUSION AND ORDER

For the foregoing reasons, the Undersigned **RECOMMENDS** Plaintiff's motions for injunctive relief (Docs. 52 & 53) be **DENIED**.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 9, 2024**

UNITED STATES MAGISTRATE JUDGE