1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                           EASTERN DISTRICT OF CALIFORNIA

8

9    WILLIAM VERA, aka Memo Vera,              1:22-cv-00893-KES-CDB (PC)

10                    Plaintiff,               ORDER DENYING RECONSIDERATION

11          v.                                 (Doc. 78)

12   WARDEN, et al.,

13                    Defendants.

14

15          Plaintiff William Vera, also known as Memo Vera, is a state prisoner proceeding pro se

16   and in forma pauperis in this now closed civil rights action filed pursuant to 42 U.S.C. § 1983.

17          **I.       RELEVANT BACKGROUND**

18          On June 10, 2024, the assigned magistrate judge issued findings and recommendations in

19   this action, recommending the action be dismissed for plaintiff's failure to state a claim upon

20   which relief could be granted.  Doc. 65.  Objections were to be filed within fourteen days of the

21   date of service of the findings.  *Id*. at 23-24.  On June 25, 2024, the magistrate judge granted

22   plaintiff's request for a 60-day extension of time to file objections.  Doc. 68.

23          On July 8, 2024, plaintiff filed a notice of appeal.  Doc. 69.  The notice of appeal was

24   processed to the Ninth Circuit Court of Appeals and assigned case number 24-4190.  Docs. 70,

25   71.  The Ninth Circuit dismissed the appeal for lack of jurisdiction and issued its mandate on

26   September 20, 2024.  Docs. 72, 73.

27          Plaintiff did not file objections to the findings and recommendations, and, on

28   November 26, 2024, the Court issued the Order Adopting Findings and Recommendations to

Dismiss Action for Failure to State a Claim.  Doc. 76.  Judgment was entered and the case was closed on December 10, 2024.  Doc. 77.

On December 16, 2024, plaintiff filed a document titled "Motion to Amend Findings F.R.C.P. 52, 59(e) 60b."  Doc. 78.

## II.   PLAINTIFF'S MOTION

Referencing Federal Rules of Civil Procedure 52, 59(e), and 60 in the title of his pleading, plaintiff requests the Court "amend the Findings" for which he previously sought a 60-day extension of time to file objections.  He asks the Court to do so "when the proceeding is reinstituted," citing 28 U.S.C. §§ 1651[1] and 1738,[2] as well as 18 U.S.C. § 3626(e)(2).[3]  Plaintiff states that "the proceeding is currently stayed pending application for extension to File a Petition for Rehearing," citing Rules 8 and 40 of the Federal Rules of Appellate Procedure, "Supreme Ct Rul. 23," and 28 U.S.C. § 2101(f).[4]  Plaintiff states his request is based upon the complexity of the issues, inadequate access to legal resources at his institution, and legal mail tampering causing unreasonable delay and censoring.

## III.   LEGAL STANDARDS

---

[1] 28 U.S.C. § 1651 authorizes courts to issue all writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law" and provides that an "alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction."

[2] 28 U.S.C. § 1738 provides that records and judicial proceedings of any court, or copies thereof, shall "have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

[3] 18 U.S.C. § 3626(e)(2) provides that any motion to modify or terminate prospective relief made under 18 U.S.C. 3626(b) operates as a stay during certain periods.  18 U.S.C. § 3626(b) prohibits the court from ordering "prospective relief that requires or permits a government official to exceed his or her authority under State or local law or otherwise violates State or local law, unless: (i) Federal law requires such relief to be ordered in violation of State or local law; (ii) the relief is necessary to correct the violation of a Federal right; and (iii) no other relief will correct the violation of the Federal right."

[4] 28 U.S.C. § 2101(f) provides, in part, that in "any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court."

Plaintiff references Federal Rule of Civil Procedure 52 generally but does not cite to any specific provision of Rule 52. Moreover, Rule 52 is inapplicable where, as here, the case was dismissed at the screening stage for plaintiff's failure to state a claim.

Rule 59(e) states a "motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." The Court has discretion to amend or alter the judgment under Federal Rule of Civil Procedure 59(e), but such remedy is "extraordinary" and "should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation omitted). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.*

Rule 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks & citation omitted). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749

3

1    (internal quotation marks & citation omitted).

2         Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or

3    different facts or circumstances are claimed to exist which did not exist or were not shown"

4    previously, "what other grounds exist for the motion," and "why the facts or circumstances were

5    not shown" at the time the substance of the order which is objected to was considered.

6    **IV.    DISCUSSION**

7         The assigned magistrate judge issued findings and recommendations on June 10, 2024

8    (Doc. 65) and plaintiff was granted a 60-day extension of time to file any objections to the

9    findings and recommendations, which extended plaintiff's deadline to file objections to

10   August 25, 2024.  Doc. 68.  Plaintiff did not file objections to the findings and recommendations

11   and instead filed a Notice of Appeal with the Ninth Circuit Court of Appeals on July 8, 2024

12   (Doc. 69), which was dismissed for lack of jurisdiction.  Plaintiff then filed a "Motion to

13   Disqualify" on October 28, 2024, seeking to disqualify the assigned magistrate judge, which

14   became moot upon the issuance of the Order Adopting Findings and Recommendations to

15   Dismiss Action for Failure to State a Claim on November 26, 2024.  Doc. 76.

16        The Court considers plaintiff's motion under Rules 59(e) and 60(b) of the Federal Rules

17   of Civil Procedure because judgment was entered in this action on December 10, 2024.  Even

18   liberally construed, however, plaintiff's single-page motion does not identify any basis under Rule

19   59(e) or Rule 60 upon which this Court should reconsider its order dismissing this action for

20   plaintiff's failure to state a claim.

21        Plaintiff has not set forth facts or law providing a basis upon which the Court should

22   reverse its prior decision.  He has identified no "mistake, inadvertence, surprise, or excusable

23   neglect," and does not make any assertions concerning newly discovered evidence or allege fraud.

24   Fed. R. Civ. P. 60(b)(1)-(3).  Plaintiff makes no assertion the judgment is somehow void or

25   inequitable.  Fed. R. Civ. P. 60(b)(4)-(5).  Nor does he any offer any other reason that justifies

26   relief.  Fed. R. Civ. P. 60(b)(6).  Plaintiff does not argue that there is an error of law or fact that

27   warrants the "extraordinary remedy" of amending the Court's prior order.  Nor does plaintiff

28   present newly discovered or previously unavailable evidence.  Plaintiff makes no assertion that

1  amending the judgment would prevent manifest injustice or that amendment is justified by an

2  intervening change in controlling law.

3      In sum, the Court finds no basis upon which to afford plaintiff the relief he seeks, nor has

4  it identified any circumstances warranting such relief.  *Kona Entres., Inc.*, 229 F.3d at 890;

5  *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880.

6      To the extent plaintiff asserts this action was stayed when the order dismissing this action

7  was issued, that is incorrect.  This action was not stayed.  Plaintiff's appeal was interlocutory in

8  nature—he sought to appeal the magistrate judge's findings and recommendations which were

9  not final because the undersigned, as district judge, had not yet issued a ruling.  *See* Doc. 72; 28

10  U.S.C. § 1292(b) (interlocutory appeal does not "stay proceedings in the district court unless the

11  district judge or the Court of Appeals or a judge thereof shall so order").  Moreover, the Ninth

12  Circuit's mandate issued September 20, 2024, making its decision to dismiss the appeal for lack

13  of jurisdiction final.  This Court's dismissal order followed the Ninth Circuit's mandate by more

14  than sixty days.  Finally, a review of the docket for Ninth Circuit case number 24-4190 indicates

15  plaintiff did not move for stay or for rehearing.  Plaintiff filed a motion to extend time to file a

16  motion to reconsider on December 17, 2024, and a motion for judicial notice on December 23,

17  2024, but the Ninth Circuit denied the motions on January 14, 2025.

18      Lastly, the Court finds it need not address 18 U.S.C. § 3626(e)(2), 28 U.S.C. §§ 2101(f),

19  1651 and 1738, and Rule 23 of the Rules of the Supreme Court of the United States as plaintiff

20  offers no argument or explanation concerning the applicability of these statutes or rules to this

21  action.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

5

**V.      CONCLUSION AND ORDER**

Accordingly, and for the reasons stated above:

1.      Plaintiff's motion filed December 16, 2024 (Doc. 78) is DENIED.

3.      This case remains closed.

IT IS SO ORDERED.

Dated:    January 14, 2025

UNITED STATES DISTRICT JUDGE

6